1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ARISTA RECORDS LLC, a Delaware
limited liability company; BMG
MUSIC, a New York general
partnership; CAPITOL RECORDS,
INC., a Delaware corporation;
ELEKTRA ENTERTAINMENT
GROUP INC., a Delaware corporation;
LAFACE RECORDS LLC,  a Delaware
limited liability company; SONY BMG
MUSIC ENTERTAINMENT, a
Delaware general partnership; UMG
RECORDINGS, INC., a Delaware
corporation; VIRGIN RECORDS
AMERICA, INC., a California
corporation; WARNER BROS.
RECORDS INC., a Delaware
corporation; and ZOMBA
RECORDING LLC, a Delaware limited
liability company,

           Plaintiffs,

   v.

DOES 1-5,

           Defendants.

No. C08-0158-RSL

PLAINTIFFS' OPPOSITION TO DOE
#5's MOTION TO QUASH SUBPOENA,
VACATE ORDER GRANTING LEAVE
TO TAKE DISCOVERY, AND TO
STRIKE THE AFFIDAVIT OF CARLOS
LINARES

YARMUTH WILSDON CALFO PLLC

FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

# I.  INTRODUCTION

Defendant's motion is largely spent attacking the Declaration of Carlos Linares ("Linares Declaration"), arguing the subpoena to the University of Washington should be quashed because Mr. Linares' declaration is "legally insufficient to support" it.  Mot. at 2. Though it complains about the declaration, it fails to cite a single case, or even a single rule of civil procedure, in its entire brief, much less any showing why expedited discovery is inappropriate or why a subpoena should not issue.  Whatever issues defendant may have with Mr. Linares' declaration (and none have merit), it is not the only basis for this Court's February 25, 2008 discovery order.  Plaintiffs' Complaint contains detailed factual allegations that must be taken as true at this stage of the litigation, and it alleges that Plaintiffs identified the P2P network used by Defendant to infringe Plaintiffs' copyrights, the specific dates and time Plaintiffs detected Defendant's infringing activity, the IP address of the computer Defendant used to facilitate the alleged infringement and a partial list of the works that Defendant copied.  By logging onto the P2P network and viewing the files that Defendant was distributing to others, Plaintiffs discovered Defendant has distributed 1,821 audio files whose copyrights are owned by Plaintiffs.

Plaintiffs have sufficiently alleged copyright infringement by the Doe # 5, and the Linares Declaration contains information providing good cause for believing that the defendant was an individual user of University's internet services.  Accordingly, this Court's order, granting expediting discovery and authorizing a subpoena to the University of Washington, was based on good cause and should stand.

# II.  ARGUMENT

**A.      The Subpoena to the University of Washington Should Not Be Quashed.**

Defendant does not identify any basis under Rule 45(c)(3) to quash the subpoena. Rule 45(c)(3) enumerates four grounds on which a subpoena may be quashed  (1) for failing to allow reasonable time for compliance; (2) requiring excessive travel by a non-party;

OPPOSITION TO DOE #5's MOTION TO
QUASH AND TO STRIKE
NO. C08-0158-RSL – Page 2

**YARMUTH WILSDON CALFO PLLC**
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

1    (3) requiring disclosure of privileged or other protected matter; or (4) subjecting a person to

2    undue burden. Fed. R. Civ. P. 45(c)(3).  Here, Defendant proffers none of these grounds

3    and instead only that he should be able to examine the evidence that lead to his

4    identification by the University.  Defendant will have ample opportunity to contest his

5    identification and contest Plaintiffs' theory of their case, but that time is not now.[1]

6    **B.      Plaintiff's Have Shown Good Cause for Expedited Discovery.**

7              This Court properly concluded that Plaintiffs had shown good cause for expedited

8    discovery.  Hundreds of other courts throughout the country have reached the same

9    conclusion, and, indeed, when defendants have challenged expedited discovery, courts have

10   properly denied their motions to quash.  *See e.g.  Interscope Records v. Does 1-14*, No.

11   5:07-4107-RDR, 2007 U.S. Dist. LEXIS 73627, *3 (D. Kan. Oct. 1, 2007) (citations

12   omitted) ("Good cause can exist in cases involving claims of infringement and unfair

13   competition); *Energetics Sys. Corp.*, 1996 U.S. Dist. LEXIS 2830 at *5-6 (good cause

14   standard satisfied where the moving party had asserted claims of infringement); *Benham*

15   *Jewelry Corp. v. Aron Basha Corp.*, No. 97 CIV 3841, 1997 WL 639037, at *20 (S.D.N.Y.

16   Oct. 14, 1997).  *Taylor Corp. v. Four Seasons Greetings, LLC*, 315 F.3d 1034, 1042 (8th

17   Cir. 2003); *Health Ins. Ass'n of Am. v. Novelli*, 211 F. Supp. 2d 23, 28 (D.D.C. 2002) ("A

18   copyright holder [is] presumed to suffer irreparable harm as a matter of law when his right

19   to the exclusive use of copyrighted material is invaded.") (quotations and citations omitted);

20   *ABKCO Music, Inc. v. Stellar Records, Inc.*, 96 F.3d 60, 66 (2d Cir. 1996).

21             In *Arista Records LLC. v. Does 1-11*, Civ-07-568 R (D. Okla. Nov. 11, 2007)

22   (Attached as Exhibit 1), the court, on virtually identical facts, rejected the same arguments

23   Defendant is making here.

24

25   _____

26   [1] Defendant's analogy comparing Plaintiffs' discovery request with the attachment of assets by a bank is
     absurd.  Plaintiffs' narrowly tailored discovery request seeks only the basic information needed to identify the
     Defendant.  Plaintiffs are not attempting to do anything as drastic as attaching Defendant's assets.

OPPOSITION TO DOE #5's MOTION TO
QUASH AND TO STRIKE
NO. C08-0158-RSL – Page 3

YARMUTH WILSDON CALFO PLLC

FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

> The Doe Defendants further challenge the facial accuracy or validity of statements contained in the Declaration of Carlos Linares submitted by Plaintiffs in support of their ex parte motion for discovery. However, Plaintiffs have sufficiently alleged copyright infringement by the Doe Defendants and the Linares Declaration contains information providing good cause for believing that the Doe Defendants were individual users of [the ISP's] internet services.

In sum, there is no legal basis to upend this Court's order granting expedited discovery.

**C.  The Linares Declaration Is Factually Correct and Based on Personal Knowledge.**

Mr. Linares is an attorney who serves as Vice President, Anti-Piracy Legal Affairs for RIAA. (Linares Decl at ¶ 2). Defendant offers various factual challenges to the Linares Declaration but does not (and cannot cite) any authority to support its position that the subpoena should be quashed based on these challenges.

Defendants argue that the Linares Declaration does not have an adequate foundation and is based on impermissible hearsay. The *Arista* court squarely rejected this argument noting that:

> The Plaintiffs do not have to prove the merits of their case to obtain the discovery sought. Plaintiffs are entitled to the discovery sought based upon their Complaint adequately alleging claims for copyright infringement and the Declaration of Carlos Linares. Certainly, the Doe Defendants who have not even been served in this case do not have standing to require Plaintiffs to prove the merits of their claims before Plaintiffs obtain discovery including the identity of the Doe Defendants.

*Arista*, Civ-07-568-R at 4.

Additionally, the Federal Rules of Evidence do not apply to this motion with the same force as during a trial and, therefore, do not provide a basis for striking the Linares Declaration. Pre-trial discovery disputes are not generally subject to the same evidence rules that would apply at trial. *See* Fed. R. Evid. 1101; *see also United States v. Crites*, CR No. 1:07-M-03M, 2007 U.S. Dist. LEXIS 5158, *2-*3 (D.R.I. Jan. 19, 2007) (citations

OPPOSITION TO DOE #5's MOTION TO
QUASH AND TO STRIKE
NO. C08-0158-RSL – Page 4

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

omitted) (holding that "[t]he Federal Rules of Evidence generally are not applicable at preliminary hearings" in the context of ruling on a motion for a continuance of a criminal trial); *Marshall v. Bramer*, 828 F.2d 355, 358 (6th Cir. 1987) ("Discovery is not made subject to the same evidence rules that would apply at trial"); *United States v. Zannino*, Crim. No. 83-235-N-3, 1985 U.S. Dist. LEXIS 19184, *10 (D. Mass. June 5, 1985) (citations, internal quotation marks omitted) ("The Federal Rules of Evidence need not be viewed as binding" when a hearing or motion is held or filed "on preliminary matters."); *Thompson v. Bd. of Educ.*, 71 F.R.D. 398, 401-402, n.2 (D. Mich. 1976) ("the Rules [of evidence] need not be viewed as binding during a hearing on such preliminary matters as class certification.").

Finally, factual challenges do not provide a legal basis for excluding the Linares Declaration. *Eicken v. USAA Federal Savings Bank*, 498 F. Supp. 2d 954, 960-61 (S.D. Tex. 2007) (denying motion to strike affidavit that included disputed factual allegations); *Freeman v. Berge, 2003* U.S. Dist. LEXIS 24692, 2-4 (W.D. Wisc. Dec. 3, 2003) (disputes over proposed findings of fact are not grounds to strike an affidavit).

**D.       Defendant's Factual Arguments Are Erroneous**.

In any event, none of Defendant's factual arguments have merit.  For example, Defendant argues that the Linares Declaration does not adequately describe Mr. Linares's responsibilities.  In fact, the Linares Declaration notes that:

> I am responsible for evaluating and contributing to online strategies for the RIAA, including oversight of the investigations into online infringement of copyrighted sound recordings.  As such, this Declaration is based on my personal knowledge, and if called upon to do so, I would be prepared to testify as to its truth and accuracy.

Linares Declaration at ¶ 2.

Defendant also misstates the basis of Plaintiffs' showing of good cause in support of their expedited discovery request.  Defendant claims that the Plaintiffs' Request for

OPPOSITION TO DOE #5's MOTION TO
QUASH AND TO STRIKE
NO. C08-0158-RSL – Page 5

YARMUTH WILSDON CALFO PLLC

FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

1   Expedited Discovery was based upon the possibility that the University would destroy the

2   information Plaintiffs seek.  In fact, Plaintiffs' need for expedited discovery was primarily

3   based upon Plaintiffs' need to identify the Doe Defendants.

4          Defendant further claims that the Linares Declaration should be stricken because

5   Mr. Linares does not have the expertise to make the statements in his declaration.  Once

6   again, Defendant's argument is premature.  This case is in its infancy.  At this stage,

7   Plaintiffs' Complaint has not even been answered, no experts have been designated and,

8   other than the information Plaintiffs seek from the University, no discovery has occurred.

9          Defendant is also wrong on the facts.  Mr. Linares is not offering expert testimony.

10  Instead, the Linares Declaration offers factual testimony that is based on personal

11  knowledge derived from his supervision of MediaSentry, who investigated the copyright

12  infringement at issue in this case.  As such, Mr. Linares is intimately familiar with the

13  infringement investigation procedures and resulting evidence in this case.  For example,

14  The Linares Declaration notes that:

15
16              In the ordinary course of investigating online copyright
                infringement, the RIAA became aware that Defendants were
17              offering files for download on various P2P networks.  The
                user-defined author and title of the files offered for download
18              by each Defendant suggested that many were copyright sound
                recordings being disseminated without the authorization of
19              the copyright owners.  The RIAA downloaded and listened to
                a representative sample of the music files being offered for
20              download by each Defendant and was able to confirm that the
                files each Defendant was offering for distribution were illegal
21              copies of sound recordings whose copyrights are owned by
                RIAA members.  The RIAA also recorded the time and date
22              at which the infringing activity was observed and the IP
                address assigned to Defendant at the time.
23
24  Linares Declaration at ¶ 18.

25          Finally, Defendant's motion improperly assumes that the Linares Declaration

26  provides the sole basis for Plaintiffs' Motion for Expedited Discovery.  In fact, Plaintiffs'

OPPOSITION TO DOE #5's MOTION TO
QUASH AND TO STRIKE
NO. C08-0158-RSL – Page 6

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

1   Complaint provides detailed factual allegations that are, in themselves, sufficient to justify

2   expedited discovery.  Defendant does not, and indeed cannot, challenge the validity of the

3   allegations in Plaintiffs' Complaint.  *See e.g.*, *Warner Bros. Records, Inc. v. Wagner*, 1-08-

4   CV-026 PPS *6 (N.D. Ind. May 13, 2008) (to state a claim "[p]laintiffs need not present

5   actual proof to support their allegations; the allegations alone are sufficient."); *Elektra*

6   *Entm't Group v. Schwartz*, CV-06-3533 (DGT) * 7 (E.D.N.Y. April 1, 2008) (same).

7                                    **III.  CONCLUSION**

8          For all of the above reasons, defendant's motion should be denied and the ongoing

9   expedited discovery in this case should continue.

10

11  Dated this 2nd  day of June, 2008                Respectfully submitted,

12                                                   **YARMUTH WILSDON CALFO PLLC**

13                                                   */s/ Lyle A. Tenpenny*
                                                     Scott T. Wilsdon, WSBA #20608
14                                                   Lyle A. Tenpenny, WSBA #34883
                                                     Fourth & Madison
15                                                   925 Fourth Avenue, Suite 2500
                                                     Seattle, WA  98104
16
                                                     (206) 516-3800
17                                                   (206) 516-3888 (fax)

18                                                   Attorneys for Plaintiffs

19

20

21

22

23

24

25

26

OPPOSITION TO DOE #5's MOTION TO
QUASH AND TO STRIKE
NO. C08-0158-RSL – Page 7
305.60 if026602 6/2/08